Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 2:05CR00019 |
| v. ) | **OPINION** |
| **WILLIAM C. WATKINS**, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for United States; William C. Watkins, Pro Se Defendant.*

This is an appeal from a judgment of a magistrate judge finding the defendant guilty of speeding in a national park in violation of 36 C.F.R. § 4.21(c) (2004). I find no error in the judgment below and affirm the magistrate judge's decision.

William C. Watkins was charged with speeding in the Cumberland Gap National Historical Park on April 20, 2005. On May 18, 2005, he pleaded not guilty and received a bench trial before United States Magistrate Judge Pamela Meade Sargent. The evidence presented at trial is as follows.

Park Ranger Dirk Wiley testified that on the day in question he had been running radar on a four-lane highway in the park. A group of four cars crested the hill where the officer was parked. The officer visually identified the defendant's car,

which was traveling in the left lane and pulling away from the other vehicles, as the fastest in the group. He then used the radar gun, which detected that a car in the group was traveling eleven miles per hour over the posted speed limit. The officer testified that the radar had emitted a continuous tone until the defendant's car passed just fifteen feet away, and that there was "no question" that the radar was "locked on [the defendant's] vehicle."[1]

The defendant, proceeding without an attorney, testified on his own behalf. He claimed that he had been traveling only two miles per hour over the speed limit, and that the other three cars the officer observed had been passing him. He argued that the officer was unable to identify which car in the group of four was speeding. The defendant submitted into evidence photographs of the hill where he had been allegedly speeding.

Based on the evidence, the magistrate judge found the defendant guilty of speeding as charged and imposed a fine and special assessment.

On this appeal the defendant argues that the government's evidence at trial was insufficient to convict because it showed that the officer was unable to determine

---

[1] The officer also provided a visual recording of the defendant's car traveling through a tunnel near the area of the stop and a videotape of the actual traffic stop, although this evidence did not corroborate the defendant's speed.

which car in the group of four was speeding. The defendant asserts that the officer stopped him only because he recognized the defendant from an earlier traffic stop in the park. Having considered the arguments of the parties and having reviewed the record of the proceeding below, including the audio tape of the evidence, the officer's videotape of the traffic stop and the defendant's photographs, I find no error in the judgment below.

I consider this appeal just as a court of appeals would were the matter on appeal from a district court bench trial; that is, the magistrate judge's conclusions of law are reviewed de novo, but her findings of fact are reviewed only for clear error. *See* Fed. R. Crim. P. 58(g)(2)(D); *United States v. Orme*, 851 F. Supp. 708, 709 (D. Md. 1994), *aff'd without op.*, 51 F.3d 269 (4th Cir. 1995). Clear error "is more than a difference of opinion between the original fact-finder and the appellate reviewer; to be clearly erroneous, a finding must leave the reviewer with a definite and firm conviction that a mistake has been committed.'" *Id*. (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985)). The defendant's arguments all are factual in nature and, accordingly, are reviewed under the clearly erroneous standard.

First, the defendant argues that the magistrate judge should not have found that the officer was able to identify which car in the group of four was speeding. He asserts that the officer admitted he could not tell which car was speeding and only

- 3 -

Case 2:05-cr-00019-JPJ   Document 6   Filed 08/26/05   Page 3 of 5   Pageid#: 7

assumed it was the defendant's because the defendant was traveling in the left, or "fast," lane. There is no support in the record for this contention. The officer testified that the radar had emitted a continuous tone until the defendant's car passed just 15 feet away, and that there was "no question" that the radar was "locked on [the defendant's] vehicle." He further testified that he visually identified the defendant as the fastest driver in the group prior to measuring his speed with radar. Claims of "mistaken identity" are fairly common in radar cases, and in such cases corroborating visual identification of a defendant's vehicle has been held sufficient to support a conviction. *See* Thomas J. Goger, *Proof, By Radar or Other Mechanical or Electronic Devices, of Violation of Speed Regulations*, 47 A.L.R.3d 822 § 15 (1971 & Supp. 2005); *see, e.g., Honeycutt v. Commonwealth*, 408 S.W.2d 421, 423 (Ky. 1966) (holding officer's visual estimate of speed and fact that defendant's car was in front closest to radar to be competent evidence that defendant's car was the one radar measured). Indeed, an officer's visual observation alone can be sufficient to support a speeding conviction. *See, e.g., United States v. Wornom*, 754 F. Supp. 517, 519 (W.D. Va. 1991) (magistrate judge's finding affirmed on basis of officer's visual observation alone where radar evidence was suppressed). I find no error in the magistrate judge's determination that Park Ranger Wiley correctly identified the defendant as the person who had been speeding.

- 4 -

Case 2:05-cr-00019-JPJ   Document 6   Filed 08/26/05   Page 4 of 5   Pageid#: 8

Next, the defendant argues that the officer stopped him only after recognizing the defendant as the same person he had stopped before for another traffic violation. The only evidence to support this claim was the defendant's own testimony. The officer testified that he did not recognize the defendant until after he had begun the traffic stop. In fact, at the time the officer decided to stop the defendant, he had mistakenly identified the defendant's license plate and believed he was stopping someone from Indiana. The magistrate judge determined that the defendant's argument was without merit and I find no error in that ruling.

While I recognize that Mr. Watkins appears to sincerely believe that he was not speeding, my review of the case is limited to determining whether the magistrate judge's decision that he had been speeding was clearly erroneous or not. Because I find that it was not clearly erroneous, I must affirm his conviction.

A separate final judgment will be entered forthwith.

DATED: August 26, 2005

/s/ JAMES P. JONES
Chief United States District Judge